UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PRIORITY STAFFING, INC.                         CIVIL ACTION NO. 5:11-0667

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

REGIONS BANK                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is a Motion for Summary Judgment filed by Defendant, Regions Bank ("Regions"). See Record Document 24. Defendant seeks dismissal of Priority Staffing Incorporated's ("PSI") claims on the following grounds: (1) PSI is not entitled to a refund of electronic debits occurring more than 30 days before May 25, 2010, or alternatively, PSI is not entitled to a refund of claims occurring before May 25, 2009 pursuant to La. R.S. 10:4A-505; (2) PSI has no recovery because the payment orders were authorized and PSI agreed that Regions' security measures were reasonable; (3) PSI's claims for breach of contract and negligence are preempted; and (4) PSI's negligence claims are prescribed. For the reasons which follow, the Motion for Summary Judgment is **GRANTED**.

**I. BACKGROUND**

This case was filed by PSI after a former employee of the company was indicted and plead guilty in a federal court to one count of wire fraud involving PSI's online Regions account. The former employee, Wendy Evans ("Evans"), served as PSI's Accounting Manager. In this role, Evans was the only employee who reconciled PSI's bank statements, transferred funds between PSI's accounts, processed payroll via paper checks or direct deposit through the Automated Clearing House system, and was "responsible for developing and maintaining accounting practices and procedures to ensure accurate and

timely financial functions of (PSI)." See Priority Staffing Resp. To Regions Bank's First Set of Discovery, Resp. To Interrogatory No. 4. Because of her role within PSI, Evans was entrusted with being an authorized user on PSI's account and was provided with the userID and password for PSI's online Regions account. See Deposition of Wendy Evans, 86:19-22.

In August 2007, Evans and her husband opened a personal checking account with Regions. Id. at 99:2-4. Shortly thereafter, Evans determined that she could transfer money directly from PSI's account to her personal checking account. Between November 20, 2007 and April 28, 2010, Evans made 261 fraudulent electronic transfers between the two accounts. See Priority Staffing's May 25, 2010 demand letter and itemization of transfers.

Each time that a transfer was made out of PSI's account, the transaction appeared on PSI's online account activity and PSI's monthly bank statement. In total, over 29 months, Evans transferred $483,500.00 from PSI's account to her personal account. See Record Document 1.

During this time period, PSI's treasurer never reviewed the company bank statements, and stated that she had very little oversight of PSI's finances. See Deposition of Linda Pumphrey, 13:4-12; 31:15-32:8. PSI's president admitted that he periodically reviewed the company's online account information, but never reviewed the transactions in depth. See Deposition of Del Pumphrey, 38:25-40:8; 67:1-69:16.

In April 2010, Region's BSA/AML system notified Regions regarding suspicious activity involving 17 transactions totaling $81,000 transferred from PSI's account to Evans account in March 2010. See Affidavit of Chuck Upchurch. Regions Branch Manager and Corporate Security department notified and met with PSI's president on April 28, 2010. See

Id. Evans joined them for a second meeting on April 29, 2010. On May 4, 2010, she admitted to stealing the money and was subsequently indicted in federal court. See Deposition of Wendy Evans, 115:3-18. She plead guilty to one count of wire fraud, for which she was sentenced to 30 months in prison.

On May 25, 2010, PSI made a written demand to Regions for return of the funds. The filing of this lawsuit followed on April 27, 2011.

**II. Law and Analysis**

    **A. Legal Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material

---

[1] The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and advisory committee's note.

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

### B. Refund of Electronic Debits

PSI claims that it is entitled to a refund of all unauthorized electronic debits made by Evans. Regions contests that PSI should be precluded from recovery of any transfer of funds that occurred more than 30 days before May 25, 2010, the date that PSI made a formal written demand for reimbursement.

Louisiana Revised Statute 10:4A-505 states:

If a receiving bank has received payment from its customer with respect to

> a payment order issued in the name of the customer as sender and accepted by the bank, and the customer received notification reasonably identifying the order, the customer is precluded from asserting that the bank is not entitled to retain the payment unless the customer notifies the bank of the customer's objection to the payment within one year after the notification was received by the customer.

While this seems to indicate that Regions must provide a one-year notification period for this type of incident, earlier provisions of the Louisiana Revised Statutes, which govern this aspect of banking laws, provide otherwise. Particularly, Louisiana Revised Statute 10:4A-501(a) provides, "Except as otherwise provided in this Chapter, the rights and obligations of a party to a funds transfer may be varied by agreement of the affected party."

Nowhere in Title 10, Section 4A does the law disallow a contractual limitation of the 1-year time period for disputing payment orders. Further, La. R.S. 10:1-302(a) states that except as provided elsewhere in the title, "the provisions of this Title may be varied by agreement."

PSI argues that any limitation on the one-year time period should be void pursuant to La. R.S. 10:4A-202(f), which states: "Except as provided in this Section and in R.S. 10:4A-203(a)(1), rights and obligations arising under this Section or R.S. 10:4A-203 may not be varied by agreement." That statute is irrelevant in this instance however. It involves the authenticity and verification of payment orders, not a disputed transfer. Section 505 is on point and permits contractual limitation of the 1-year time period for customers to raise disputes. The facts here are similar to the circumstances in a Minnesota case involving the Minnesota law which is similar to Louisiana's Section 505. There, the court upheld the contractual agreement which reduced the one-year dispute period to 30-days. See Bonnema v. Heritage Bank NA Willmar, 2002 WL 1363985 (Minn. App. June 19, 2002).

In this instance, the parties contractually agreed to a shortened time period of 30 days in which PSI had to notify Regions in order to dispute a transfer of funds. The Customer Agreement provided that if PSI failed to notify Regions within 30 days or failed to otherwise exercise ordinary care, Regions would not be liable. See Customer Agreement (March 2005), § 9.  During the time that Evans was stealing from PSI, the company failed to timely dispute the transfers because of its officers failure to review the bank statements thoroughly each month. Therefore, because PSI failed to timely dispute the transfer after receiving its bank statement, and under the terms of the contract Regions is not liable for the fraudulent activity.

## C. Security Measures Are Not At Issue

PSI also alleges that it should be entitled to recovery because Regions' security procedures were not commercially reasonable. This argument is moot because the contractual agreement between the parties provided that if PSI were to allow another person to use the password and online banking service, the company would be responsible for all transactions that person initiated or authorized. In this instance, PSI provided its userID and password to Evans who, as the Accounting Manager, was authorized to make payments on behalf of PSI. The long-term embezzlement by Evans would never have occurred had PSI's officers reviewed the bank statements each month, this issue would not be before the Court today. Therefore, PSI is not entitled to recovery based on Regions' online security measures.[2]

---

[2] Because the Court agrees with Regions' arguments on the merits of their first two grounds for Summary Judgment, the preemption and prescription issues need not be addressed.

### III. CONCLUSION.

Based on the foregoing analysis, the Motion for Summary Judgment filed by Regions is **GRANTED**. This Court finds that: (1) PSI is not entitled to a refund of electronic debits occurring more than 30 days before May 25, 2010; and (2) PSI has no recovery because the payment orders were authorized and PSI agreed that Regions' security measures were reasonable. No genuine disputes of material fact exist that prevent this Court from finding that PSI is not entitled to recover the funds from the unauthorized transactions made by Evans. Accordingly, all of PSI's claims against Regions are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE